IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**BRIAN HALE**,

        Plaintiff,

v.

**CITY OF BOSTON and STATE OF MASSACHUSETTS**,

        Defendants.

No. 3:21-cv-01317-HZ

OPINION & ORDER

HERNÁNDEZ, District Judge:

    Pro se Plaintiff Brian Hale brings this action against the city of Boston (Mayor Kim Janey) and the state of Massachusetts (Governor Charlie Baker). Defendants have not yet been served with process. Plaintiff moves to proceed *in forma pauperis* [3]. Because Plaintiff has minimal income and assets, the Court grants the motion. However, for the reasons explained below, the Court dismisses the Complaint [1] without prejudice.

1 – OPINION & ORDER

**STANDARDS**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. State of Ariz.*, 885 F.2d 639, 640 (9th Cir. 1989). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to

amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

## DISCUSSION

Plaintiff brings this claim against the city of Boston and the state of Massachusetts under the Fourteenth Amendment. Plaintiff alleges "fraud and discrimination" and "attempted murder." Compl., ECF 1. Plaintiff seeks relief of "$100 quadrillion dollars (1,000 zeros)" *Id.* Plaintiff makes no specific allegations in his Complaint from which the Court cannot identify a cognizable legal claim.

Because the Court is unable to discern a claim upon which relief can be granted, the Court dismisses the Complaint without prejudice and with leave to amend.

## CONCLUSION

The Court GRANTS Plaintiff's application for leave to proceed IFP [3]. Plaintiff's Complaint [1] is dismissed with leave to amend. Plaintiff may file an amended complaint, curing deficiencies noted above, within 30 days of this Opinion & Order. The Clerk shall not issue a summons without direction from the Court.

IT IS SO ORDERED.

DATED:_____October 12, 2021___.

*[signature: Marco Hernandez]*
MARCO A. HERNÁNDEZ
United States District Judge

3 – OPINION & ORDER